Dear Mr. Lawrence:
In response to your recent inquiry, note that the law does not prohibit one from holding two public employments, where one position is held on a part-time basis. The definitions pertinent to this determination are found at R.S. 42:62(3)(4)(5), providing:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
The law does prohibit one from holding two full-time public employments. R.S. 42:62(E) states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
This prohibition is inapplicable in the instant matter, as one position is held on a part-time basis. We conclude a person may be employed in a full-time position as a municipal police officer while employed on a part-time basis as police officer with another municipality. Our determination presupposes that neither civil service laws nor employee policies conflict with this arrangement.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: October 10, 2003